# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER

152 WEST 57TH STREET

EIGHTH FLOOR

NEW YORK, NEW YORK 10019

———

TELEPHONE: (212) 752-7600

FACSIMILE: (212) 980-2968

E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

———

DAVID E. RUDIN
SAM THYPIN-BERMEO
SAM KUHN
PARTHA SHARMA

JACOB "COBY" LOUP
DAVID S. KEENAN
(OF COUNSEL)
AMARIAH THURSTON
(PARALEGAL)

June 5, 2026

**By ECF**

Honorable Seth D. Eichenholtz
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Perkins v. City of New York, et al.*, 24-cv-6366

Dear Judge Eichenholtz:

This firm represents Plaintiff Donnell Perkins in the above-referenced matter.  In accordance with the Court's minute entry of May 27, 2026, I write jointly with counsel for Defendants to describe the outcome of the parties' conferral regarding *Monell* discovery on June 2, 2026.

The parties reached the following agreements:

Plaintiff's Interrogatory Nos. 2 and 3 require Defendants to state whether any officers accused of misconduct in 51 civil lawsuits listed in Complaint paragraph 298 were investigated or disciplined for the conduct at issue in such lawsuits and, if so, to state the date and nature of the investigation and/or discipline.  Plaintiff disclosed to the City the City's discovery response in *Zahrey v. City of New York, et al.*, 98-cv-4546 (S.D.N.Y.), which verified that none of the relevant officers were investigated or disciplined.  Defendants agreed to respond to these interrogatories by June 30, 2026.  If Defendants determine there was in fact any investigation or discipline in response to interrogatories 2 and 3, the parties will confer regarding the documents Defendants will produce from any such investigations or discipline (which are the subject of Document Request No. 11).

Interrogatory No. 4 requires Defendants to identify the NYPD official or officials with final policymaking authority in December 1999 and January 2000 in regard to six police functions that are relevant to Plaintiff's constitutional claims against Defendants.  Defendants will respond to this Interrogatory by June 19, 2026.

LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Seth D. Eichenholtz
June 5, 2026
Page 2

Document Request No. 10 seeks the personnel records of former detectives Louis Scarcella, Stephen Chmil, Michael Race, and Robert Boyce. Plaintiff withdrew his request for Scarcella and Chmil's personnel records, which he obtained in an NYPD subpoena response in *Ruffin v. State*, Claim No. 142580. Defendants agreed to produce Race and Boyce's personnel files by July 9, 2026, including each detective's IAB resume, CPI index, and CCRB history.

Document Request Nos. 14–15 and 21–24 seek:

- Any investigations by the NYPD or KCDA into the conduct of Detectives Louis Scarcella and Stephen Chmil during or after the prosecutions of James Jenkins, Ind. No. 2582/87, and David Ranta, Ind. No. 8990/90;

- The complete files of the NYPD and KCDA for any investigations either of them conducted into the behavior of Detective Michael Race in the Jeffrey Blake, Ruben Ortega, and Timothy Crosby cases referenced in paragraphs 224–31 of the Complaint and/or concerning his handling of the witness Dana Garner; and

- All documents concerning investigations by the NYPD or KCDA into the conduct of Detective Michael Race in any homicide case following publication of the article Jim Dwyer, "Ex-Officer Off Tough Beat Seeks to Free the Innocent," New York Times, June 10, 2001, https://www.nytimes.com/2001/06/10/nyregion/ex-officer-off-tough-beat-seeks-to-free-the-innocent.html, in which Detective Race admitted that only one of 750 murder cases he investigated was "done the correct way, from A to Z."

For the above requests, Defendants agreed to inquire of KCDA whether any such information exists regarding KCDA investigations into these non-party detectives in order to facilitate further conferral between the parties; that inquiry was made on June 3, 2026. Defendants have agreed to update Plaintiff as to the response to this inquiry by June 19, 2026. Defendants believe that any responsive information identifying any NYPD disciplinary investigations into a particular officer would be reflected in that individual's IAB resume, CPI index, or CCRB history, which defendants have agreed to produce for the individual defendants and Dets. Boyce and Race and Plaintiff obtained for Dets. Scarcella and Chmil in a separate action. Based upon this representation, Plaintiff will not at this time seek compliance with his request for documentation other than that shown in the CPI indices or IAB resumes.[1]

---

[1] We trust, in view of Defendants' position, that they will not later rely for any purpose on any record of disciplinary action not reflected in these records and that, if they decide to do so, they will produce such records and Plaintiff will be given adequate opportunity to pursue discovery about them.

LAW OFFICES OF JOEL B. RUDIN, P.C.

Honorable Seth D. Eichenholtz
June 5, 2026
Page 3

Plaintiff is willing to defer seeking compliance with <u>Document Requests 16 through 20,</u> which concern former Det. Scarcella's activities in the Ranta and Jenkins cases; cases involving the witness Teresa Gomez; and a case referenced in a New York Times article, which Defendants oppose on relevancy and proportionality grounds, until further *Monell* discovery has occurred and Plaintiff can assess whether he still needs such materials.[2]

In view of the above, Plaintiff does not presently intend to file a motion to compel document discovery, but reserves all rights to pursue disclosure through 30(b)(6) and other depositions still to be noticed.

Respectfully submitted,

/s/ David E. Rudin
David E. Rudin

cc:     Hannah V. Faddis (via ECF)

*Attorney for Defendants*

Ronald Kuby, Esq. (via email)
Law Office of Ronald L. Kuby
119 West 23rd Street, Suite 900
New York, New York 10011
ronaldlkuby@gmail.com

*Attorney for Plaintiff Kareem Mayo*

---

[2] The same discovery is being sought by our other client, Steven Lamont Ruffin, in a separate matter assigned to your Honor. In that case, which involves events in 1996 and thus five years closer in time than the events in the Perkins case, Det. Scarcella was directly involved and is named as a defendant in his personal and official capacities.