

**STEVEN BANKS**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**HANNAH V. FADDIS**
*Assistant Deputy Chief of Trials*
phone: (212) 356-2486
fax: (212) 356-1148
hfaddis@law.nyc.gov

June 26, 2026

**VIA ECF**
Hon. Seth D. Eichenholtz
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    Donnell Perkins v. City of New York, et al.,
>        24-CV-6366 (AMD) (SDE)

Your Honor:

I am one of the attorneys assigned to represent the defendants in the above-captioned matter. Defendants write to request the Court impose a limited protective order in this case regarding the location and manner of taking the deposition of defendant Anthony Pitre.

## I.  Defendants' Position

Specifically, defendants write to request that the Court impose an order directing defendant Pitre's deposition to be taken by remote videoconference from Florida.

Plaintiff has noticed defendant's deposition to take place in-person in the State of Florida, where defendant currently resides.  However, due to fiscal responsibilities, the office of the undersigned has not authorized defense counsel to travel out of state to defend this deposition. Accordingly, were this deposition to proceed as plaintiff's counsel proposes, defendant would be forced to appear in-person face to face with plaintiff's counsel, while his own attorney attended remotely from more than 1,000 miles away.  The obvious prejudice to defendant in being denied the full benefit of his legal counsel warrants the very limited and reasonable relief requested herein.

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012).  "Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that '[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means.'" Arora v. Standard Chtd. Bank, No. 25-CV-4041 (JPC) (JW), 2026 U.S. Dist. LEXIS 63782, at *4 (S.D.N.Y. Mar. 23, 2026) (citing Rouviere v. Depuy Orthopaedics, Inc., No. 18 Civ. 04814 (LJL) (SDA), 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020)).  "Since Rule 30(b)(4) does not specify the standards to be

considered in determining whether to grant a request [for a remote] deposition ... the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship ... and conduct a careful weighing of the relevant facts.'" Id.

Here the balancing of prejudices and hardships tips in favor of the defendant. Plaintiff's proposed deposition scenario would either require defendant to appear live without the benefit of his counsel in the room or impose upon the City, a taxpayer-funded entity, the cost of travel and lodging for defense counsel to appear in person. While there is a persistent, and well-founded, preference in litigation for the taking of live testimony when possible, the justifications for that tradition do not hold here. Put simply, the preference for live testimony is principally grounded in the belief that a witness's candor and credibility can be judged more accurately in person. However, plaintiff's counsel here has already examined Det. Pitre in person, having conducted his cross-examination during the plaintiff's 440 hearing. Given the regularity with which remote depositions are now conducted, and the ease of doing do, defendants respectfully submit that there is no basis to impose this burden on defendant or his counsel.

Plaintiff's counsel offers his own assessment of how the City should manage its budget, but does not meaningfully contend that it is necessary to question Det. Pitre in person again, having already done so once in this case. This assessment also overlooks the obvious fact that Det. Pitre is not the only witness in this case, nor is this the only lawsuit against the City which involves retired, out-of-state, witnesses. Requiring the City to incur the costs of travel for this deposition risks setting a precedent that will impose far more than a $300 burden on New York City taxpayers. Plaintiff also fails to establish that there is anything to be gained from an in person deposition, given the history of this case, rather than a remote deposition. Lastly, plaintiff contends that Det. Pitre "chose" to retain counsel in New York, without acknowledging that he is entitled by New York state law to representation by this Office and that declining such representation would have imposed upon Det. Pitre the cost of retaining private counsel.

For all of these reasons, defendants respectfully request the Court order that the deposition of retired Det. Anthony Pitre be taken by remote means.

Defendants also write to advise that this Office received the policy and training materials requested by plaintiff by the June 19, 2026 deadline, and will produce same to plaintiff by July 2, 2026. This Office was also advised by NYPD by the June 19 deadline that the detective file for this matter was not able to be located.

### B. Plaintiff's Position

The general rule regarding the location of a deposition is that the "party noticing the deposition usually has the right to choose the location." *United States v. M/Y Amadea*, 2024 WL 4799887, at *4 (S.D.N.Y. Nov. 15, 2024) (quoting *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998)); *see also* Fed. R. Civ. P. 30(b)(1) (dictating that notice "must state the time and place of the deposition"). "The defendant, who has not selected the forum, is ordinarily deposed in the district of his residence, particularly when that residence is in the United States." *Eletson Holdings Inc. v. Levona Holdings Ltd.*, 2025 WL 1950728, at *1 (S.D.N.Y. July 16, 2025). Rule 30(b)(4) provides that "the court may on motion order ... that a deposition be taken by telephone

or other remote means." Because "Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition ... the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship ... and conduct a careful weighing of the relevant facts." *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (quoting *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011) (citations & internal quotation marks omitted)).

While remote depositions, often on consent, have become more common, "district courts have continued to recognize that there is nothing extraordinary or inappropriate about seeking to take a deposition in person, particularly for a key witness." *United States v. M/Y Amadea*, 2024 WL 4799887, at *5 (S.D.N.Y. Nov. 15, 2024). "[I]n terms of the truth-seeking function of a deposition, a remote video deposition is not a substitute for the in-person, face-to-face confrontation between adversaries." *Eletson Holdings Inc. v. Levona Holdings Ltd.*, 2025 WL 1950728, at *2 (S.D.N.Y. July 16, 2025). "An oath administered in the physical presence of the designated officer has an immediacy and gravity that may not be felt over the internet." *Id.*

Former detective Anthony Pitre was the lead detective in this case and is by far the most important individual defendant and witness. Plaintiff alleges that, among other things, Pitre manufactured false evidence and maliciously prosecuted Plaintiff by deliberately conducting egregiously suggestive identification procedures and falsifying his reports, in retaliation against Plaintiff for the latter's repeated failure to assist Pitre in locating Kareem Mayo, Plaintiff's cousin and Pitre's suspect as the shooter of victim Ruben Scrubb. The City points out that Plaintiff already has a sense of Pitre's credibility (or lack thereof) because of the limited opportunity Plaintiff's counsel had to examine Pitre in-person at Plaintiff's CPL 440 hearing. But that has no bearing on Plaintiff's interest in conducting an in-person deposition so that his questioning at that deposition can be guided by his observations of the witness's demeanor and nonverbal body language. The ability to closely observe a witness's responses to questions directly impacts how effectively the questioning is conducted and thus bears on the truth-seeking function of the deposition. With no judge present, examining counsel needs his personal presence to help control the witness and prevent him from being evasive or non-responsive, which is much harder to accomplish from a computer monitor.

Taking the deposition in Florida could not be more convenient to the party-witness Pitre.  The City of New York complains it's too expensive for its *counsel* to travel to Florida for this one-day event, but this is transparently disingenuous. The City of New York has a 2026 annual budget of $124 billion.[1] The cost of a roundtrip flight from New York City to Fort Lauderdale departing July 22, and returning July 23, is $187.[2] A one-night stay at a hotel in Fort Lauderdale is approximately $100.[3] The opposing attorneys' time for litigating this issue already far exceeds such minute expenses, which are a fraction of the cost for a court reporter to take a simple deposition—something the City pays all the time, from slip-and-fall to wrongful conviction cases. If the City thought it in its interest to conduct a deposition of a key witness in this case—with millions of dollars in damages at stake for 22 years' wrongful incarceration—it would find the $300 for travel to and lodging in

---

[1] IBO Analysis of the 2027 Executive Budget and Fiscal Years 2026 – 2030 Financial Plan (June 1, 2026) at 6, https://www.ibo.nyc.gov/assets/ibo/downloads/pdf/city-budget-overview/2026/2026-june-ibo-analysis-of-fy-2027-executive-budget.pdf

[2] https://tinyurl.com/75wp4ccc

[3] https://tinyurl.com/3v73ks65

Florida (and would pay a court reporter to boot). Defendant Pitre chose to retain counsel in New York City and the City Law Department chose to represent a defendant who lives out-of-state. That choice, and the City's claimed lack of $300, cannot deprive Plaintiff of his right to an in-person deposition of the defendant who is most responsible for depriving him of 22 years of his life.

Respectfully submitted,

/s/

Hannah V. Faddis
Special Federal Litigation Division

cc:     **VIA ECF**
        *All Counsel of Record*

4